United States District Court
Southern District of Texas
**ENTERED**
September 09, 2016
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| REMI CHIDI NWAOGU,<br>TDCJ NO. 1727915 | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:16-CV-00528 |
| | § | |
| LORIE DAVIS, DIRECTOR, | § | |
| Texas Department of Criminal | § | |
| Justice - Correctional Institutions | § | |
| Division, | § | |
| *Respondent*. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Remi Chidi Nwaogu, a Texas state inmate, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his state conviction of unlawful possession of a firearm by a felon and possession with intent to deliver between four and two hundred grams of cocaine. Dkt. 1. The case was referred to this magistrate for report and recommendation by District Judge Lynn N. Hughes. Dkt. 4. Respondent filed a motion to dismiss. Dkt. 10. After reviewing the record and the briefing, the Court recommends that the petition be dismissed with prejudice as time-barred.

## BACKGROUND

Nwaogu pleaded not guilty to the charges of (1) unlawful possession of a firearm, and (2) possession with intent to deliver at a bench trial. Dkt. 1 at 3. He is currently serving concurrent sentences of 25 years and 18 years, delivered by the 176th Judicial District Court of Harris County, Texas, on June 28, 2011. *Id.* at 2. Nwaogu's conviction

1

was affirmed on appeal by the First Court of Appeals. On October 30, 2015, Nwaogu filed two state habeas petitions challenging each of his convictions. The Texas Court of Criminal Appeals (TCCA) denied both of Nwaogu's petitions without hearing on March 11, 2015. On January 12, 2016 Nwaogu filed a federal habeas petition in this Court. Dkt. 1.

<u>ANALYSIS</u>

Nwaogu's petition is subject to review under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, a habeas petition filed by a person in state custody is subject to a one-year period of limitations which runs from the latest of:

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).

The grounds asserted do not trigger any of the conditions set forth in (B) through (D). Thus, the one-year period began to run when the judgment became final. The

judgment for Nwaogu's convictions was entered on June 28, 2011. Dkt. 1 at 2. The First Court of Appeals affirmed his convictions on April 11,2013. *Id.* at 3. Nwaogu's petition for discretionary review was refused November 27, 2013. Thus, the conviction became final ninety days later, on February 25, 2014, when the time for filing a writ of certiorari with the United States Supreme Court expired. Sup. Ct. R 13.1. Therefore, the one-year limitation for filing a federal writ expired on February 25, 2015, more than one year before Nwaogu filed this petition with the Court.

However, the AEDPA permits tolling of the limitations period. Section 2244(d)(2) provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." The habeas application must be *properly filed* to toll the one-year limitation. Nwaogu properly filed state writ applications on October 30, 2014, and both were denied March 11, 2015. Dkt. 1 at 4. This timely application tolled the applicable period for 132 days, requiring Nwaogu to file his federal habeas petition by July 7, 2015. Dkt. 10 at 7. However, Nwaogu filed the federal habeas petition January 12, 2016, more than six months past the deadline to file. *Id.* This untimely application bars relief under the AEDPA.

## CONCLUSION

For these reasons, the Court recommends that Nwaogu's petition be denied with prejudice. All remaining motions should be terminated as moot. The Court further finds that Nwaogu has not shown that it is debatable whether this Court is correct in its ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, the Court recommends that a certificate of appealability not issue.

The parties have 14 days from service of this memorandum and recommendation to file written objections. Failure to timely object will preclude appellate review of factual findings or legal conclusions, except plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72.

Signed at Houston, Texas, on September 8, 2016.

Stephen Wm Smith
United States Magistrate Judge